FILED
IN CLERKS OFFICE

## UNITED STATES OF AMERICA

## NOTICE OF SUIT

2022 FEB -4  AM 11: 07

### 28 USCS SEC. 1608(4);  AND  CODE OF FEDERAL REGULATION 93:1 (A)

1.) NOTICE IS HEREBY GIVEN C.F.R. 93:1 (A)  THAT A CIVIL ACTION LAWSUIT HAS BEEN FILED AGAINST YOU  AND HERE SERVED UPON YOU 28 USCS SEC. 1608(4), 28 USCS SEC. 1605 A (2) AND (5),  AS TO ( COUNT  ONE )  AND  ( COUNT TWO )  OF THE COMPLAINT:

## CASE ENTITLED AS

"LEELAND EISENBERG, PLAINTIFF – VERSUS – PEOPLES REPUBLIC OF CHINA, DEFENDANTS
CIVIL CASE NUMBER #_____
IN THE UNITED STATES FEDERAL DISTRICT COURT – DISTRICT OF MASSACHUSETTS,  AT
ONE COURTHOUSE WAY,  IN BOSTON  MASSACHUSETTS 02210  ( U.S.A )

## PARTIES

2.) DEFENDANTS ET,AL;  A FOREIGN STATE OF, THE PEOPLES REPUBLIC OF CHINA
OFFICE OF FOREIGN MINISTER, THE HONORABLE , YI  WANG  FOREIGN MINISTRIES BUILDING
BEIJING CHINA.

3.) PLAINTIFF, LEELAND EISENBERG, THE WYATT  950 HIGH STREET
_____  CENTRAL FALLS, RI 02863 _____

4.) DOCUMENTS HERE SERVED UPON YOU AS DEFENDANTS ,BY THE PLAINTIFF,
INCLUDES:
A.) NOTICE OF SUIT C.F.R. 93:1 (A),  B.) COURT SUMMONS,  AND  C.) CIVIL COMPLAINT IN THE
OFFICIAL CHINESE LANGUAGE TRANSLATION.

5.) THE NATURE AND PURPOSE OF THIS PROCEEDING IS A CIVIL ACTION COMPLAINT
OF LIABILITY FOR INJURY AS IT RELATES TO YOUR SOVEREIGN STATE COMMERCIAL ACTIVITY
NOT SUBJECT TO FOREIGN SOVEREIGN IMMUNITY UNDER 28 USCS SEC. 1605 A (2) AND FOR
LIABILITY FOR MONEY DAMAGES FOR PERSONAL INJURY BY YOUR TORTIOUS (ACTS) OR
(OMISSIONS) NOT SUBJECT TO FOREIGN SOVEREIGN IMMUNITY UNDER SEC. 1605 A (5)  (AS
DESCRIBED IN THE COMPLAINT) . WHEREAS LIABILITY IS ASSIGNED TO AND ARISES FROM THE
PLAINTIFFS INFECTION OF THE SARS-2 CORONA VIRUS  COVID-19  ORIGINATING IN THE
NAMED FOREIGN SOVEREIGN STATE AND EXPORTED OR TRANSMITTED TO AND INFECTING
THIS PLAINTIFF BY THE FOREIGN STATE'S COMMERCIAL ACTIVITY SEC. 1605 A (2)

(1)

AND BY THE INTENTIONAL OR NEGLIGENT TORTIOUS ACTS OR OMISSIONS OF THE FOREIGN STATE OR ANY OFFICIAL OR EMPLOYEE OF THE FOREIGN STATE ACTING IN THE SCOPE OF HIS OFFICE OR EMPLOYMENT 28 USCS SEC. 1605 A (5),  WHICH INFLICTED THE PLAINTIFF WITH A LIFE THREATING PAINFUL DISEASE AND ILLNESS AND WHEREAS PLAINTIFF CONTINUES TO SUFFER CONTINUED MEDICAL PHYSICAL INJURY AILMENTS AND SICKNESS KNOWN AS "LONG COVID" AND FOR THE NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS , MENTAL ANGUISH , PAIN AND SUFFERING. WHERE THIS PLAINTIFF REQUESTS MONEY DAMAGES OF ONE HUNDRED MILLION DOLLARS ($100,000,000.00 U.S.) AND SUCH OTHER FURTHER RELIEF THE COURT SEEMS MEET AND JUST, TO INCLUDE THE RIGHT TO AMEND THIS SUIT AS THE FACTS AND EVIDENCE REQUIRE, ADDING FURTHER NAMED DEFENDANTS PLAINTIFF'S CLASS ACTION STATUS AND ADDITIONAL FACTS AND  CLAIMS BY AN AMENDED COMPLAINT THERETO:

      6.) NOT APPLICABLE.

      7.) "A RESPONSE" TO THE ATTACHED "SUMMONS AND COMPLAINT" IS REQUIRED TO BE SUBMITTED TO THE U.S. FEDERAL DISTRICT COURT AND THE PLAINTIFF OR HIS REPRESENTATIVE  (ADDRESS ABOVE #1 AND #3)  "NO LATER THAN 60 DAYS" AFTER THESE DOCUMENTS ARE RECEIVED, THE RESPONSE MAY PRESENT JURISDICTIONAL DEFENSES (INCLUDING DEFENSES RELATING TO STATE IMMUNITY).

      8.) THE FAILURE TO SUBMIT A TIMELY RESPONSE WITH THE COURT CAN RESULT IN A DEFAULT JUDGMENT AND A REQUEST FOR EXECUTION TO SATISFY THE JUDGMENT. IF A DEFAULT JUDGMENT HAS BEEN ENTERED, A PROCEDURE MAY BE AVAILABLE TO VACATE OR OPEN THE JUDGMENT.

      9.) QUESTIONS RELATING TO FOREIGN STATE IMMUNITIES AND TO THE JURISDICTION OF UNITED STATES COURTS OVER FOREIGN STATES ARE GOVERNED BY THE FOREIGN SOVEREIGN IMMUNITIES ACT OF 1976, WHICH APPEARS AS IN SECTIONS 1330, 139 (F), 1441 (d) AND 28 USCS SEC. 1602 THROUGH 1611 OF TITLE 28 UNITED STATES CODE OF 1976  (PUB. L. 94-583, 90 STAT 2891.

A COPY OF WHICH IS HERE ATTACHED TRANSLATED IN  THE CHINESE OFFICIAL LANGUAGE: 28 USCS SECS. 1602, 1604, 1605 A (2) AND (5)  AND 1330,  IN RELEVANT PARTS OR IN WHOLE.

**UNITED STATES OF AMERICA**

FILED
IN CLERKS OFFICE

2022 FEB -4  AM 11: 07

.. DISTRICT COURT
... CT OF MASS.

## UNITED  STATES  CODE  SERVICE

## FOREIGN SOVEREIGN IMMUNITIES ACT
## 28 USCS SEC. 1602. FINDINGS AND DECLARATIONS OF PURPOSE

THE CONGRESS FINDS THAT THE DETERMINATION BY THE UNITED STATES COURTS
OF THE CLAIMS OF FOREIGN STATES TO IMMUNITY FROM JURISDICTION OF SUCH COURTS
WOULD SERVE THE INTEREST OF JUSTICE AND WOULD PROTECT THE RIGHTS OF BOTH
FOREIGN STATES AND LITIGANTS IN UNITED STATES COURTS. UNDER INTERNATIONAL LAW,
STATES ARE NOT IMMUNE FROM THE JURISDICTION OF FOREIGN COURTS INSOFAR AS THEIR
COMMERCIAL ACTIVITIES ARE CONCERNED, AND THEIR COMMERCIAL PROPERTY MAY BE
LEVIED UPON FOR THE SATISFACTION OF JUDGMENTS RENDERED AGAINST THEM IN
CONNECTION WITH THEIR COMMERCIAL ACTIVITIES. CLAIMS OF FOREIGN STATES TO
IMMUNITY SHOULD HENCE FORTH BE DECIDED BY COURTS OF THE UNITED STATES AND OF
THE UNITED STATES IN CONFORMITY WITH THE PRINCIPLES SET FORTH IN THIS CHAPTER
28 USCS SEC. 1602 .
HISTORY:
ADDED OCTOBER 21, 1976, P.L. 94-583 SEC. 4 (A), 90 STAT 2892

## 28 USCS SEC. 1604. IMMUNITY OF A FOREIGN STATE FROM JURISDICTION

SUBJECT TO EXISTING INTERNATIONAL AGREEMENTS TO WHICH THE UNITED STATES
IS A PARTY AT THE TIME OF ENACTMENT OF THIS ACT,  ENACTED ON  OCTOBER 21, 1976  A
FOREIGN STATE SHALL BE IMMUNE FROM THE JURISDICTION OF THE COURTS OR THE UNITED
STATES AND OF THE STATES AS PROVIDED IN SECTIONS 1605-1607 OF THIS CHAPTER
28 USCS SEC. 1605-1607.
HISTORY:
ADDED OCTOBER 21, 1976, P.L. 94-583 SEC. 4(A), 90 STAT. 2892 WHICH APPEARS AS 28 USCS
SEC. 1602

## 28 USCS SEC. 1605 GENERAL EXCEPTIONS TO JURISDICTIONAL IMMUNITY OF FOREIGN STATE

A.) A FOREIGN STATE SHALL NOT BE IMMUNE FROM JURISDICTION OF THE COURTS OF THE UNITED STATES OR THE STATES IN ANY CASE.

A. (2) OF SEC. 1605(A), IN WHICH THE ACTION IS BASED UPON COMMERCIAL ACTIVITY CARRIED ON IN THE UNITED STATES BY THE FOREIGN STATE; OR UPON AN ACT PERFORMED IN THE UNITED STATES IN CONNECTION WITH A COMMERCIAL ACTIVITY OF THE FOREIGN STATE ["ELSEWHERE"]; OR UPON AN ACT OUTSIDE THE TERRITORY OF THE UNITED STATES IN CONNECTION WITH A COMMERCIAL ACTIVITY OF THE FOREIGN STATE ELSEWHERE (AND) THAT [CAUSES] A DIRECT EFFECT IN THE UNITED STATES.

A. (5) OF SEC. 1605(A) NOT OTHERWISE ENCOMPASSED IN PARAGRAPH (2) ABOVE, IN WHICH MONEY DAMAGES ARE SOUGHT AGAINST A FOREIGN STATE FOR [PERSONAL INJURY] OR DEATH, OR DAMAGE TO OR LOSS OF PROPERTY, OCCURRING IN THE UNITED STATES AND CAUSED BY THE TORTIOUS ACT OR OMISSION OF THAT FOREIGN STATE OR, ANY OFFICIAL OR EMPLOYEE OF THAT FOREIGN STATE WHILE ACTING WITHIN THE SCOPE OF HIS OFFICE OR EMPLOYMENT.

## 28 USCS SEC. 1330 ACTIONS AGAINST FOREIGN STATES

A.) THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION WITHOUT REGARD TO AMOUNT IN CONTROVERSY OF ANY NON JURY CIVIL ACTION AGAINST A FOREIGN STATE AS DEFINED IN SECTION 1603(A) OF THIS TITLE 28 USCS SUBSECTION 1603(A) AS TO ANY CLAIM FOR RELIEF IN PERSONAM WITH RESPECT TO WHICH THE FOREIGN STATE IS NOT ENTITLED TO IMMUNITY EITHER UNDER SECTIONS 1605-1607 OF THIS TITLE 28 USCS SEC. 1605-1607 OR UNDER ANY APPLICABLE INTERNATIONAL AGREEMENT.

B.) PERSONAL JURISDICTION OVER A FOREIGN STATE SHALL EXIST AS TO EVERY CLAIM FOR RELIEF OVER WHICH THE DISTRICT COURTS HAVE JURISDICTION UNDER SUBSECTION (A) WHERE SERVICE HAS BEEN MADE UNDER SECTION 1608 OF THIS TITLE [28 USCS SEC. 1608].

C.) FOR PURPOSE OF SUBSECTION (B) AN APPEARANCE BY A FOREIGN STATE DOES NOT CONVER PERSONAL JURISDICTION WITH RESPECT TO ANY CLAIM FOR RELIEF NOT ARISING OUT OF ANY TRANSACTION OR OCCURRENCE ENUMERATED IN SECTIONS 1605-1607 OF THIS TITLE 28 USCS SEC. 1605-1607.

HISTORY:

ADDED OCTOBER 21, 1976, P.L. 94-583, SEC 2(A), 90 STAT. 2891

## UNITED STATES FEDERAL DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

**LEELAND EISENBERG**
**PLAINTIFF**

v                                    <u>**SUMMONS IN A CIVIL ACTION**</u>

PEOPLES REPUBLIC OF CHINA , THROUGH
THE HONORABLE YI WANG,  FOREIGN MINISTER
DEFENDANTS,ET,AL;

TO: THE DEFENDANT: THE PEOPLES REPUBLIC OF CHINA
     THROUGH,  THE HONORABLE YI WANG , FOREIGN MINISTER

## <u>A LAW SUIT HAS BEEN FILED AGAINST YOU</u>

   WITHIN ( 60 DAYS )  AFTER RECEIVING THIS SUMMONS ( NOT COUNTING THE DAY YOU RECEIVED IT )   YOU MUST SERVE ON THE
( PLAINTIFF ADDRESS BELOW ) AND TO ( THE CLERK OF COURT ADDRESS BELOW ) AN ANSWER TO THE ATTACHED COMPLAINT OR A
MOTION UNDER RULE 12 OF THE UNITED STATES FEDERAL COURT RULES OF CIVIL PROCEDURE. YOUR FAILURE TO SUBMIT A TIMELY
RESPONSE WITH THE COURT AND THE PLAINTIFF CAN RESULT IN A DEFAULT JUDGMENT AGAINST YOU AND A REQUEST FOR
EXECUTION TO SATISFY THE JUDGMENT . IF DEFAULT JUDGMENT HAS BEEN ENTERED,  A PROCEDURE MAY BE AVAILABLE TO VACATE
OR OPEN THAT JUDGMENT .   ( YOUR RESPONSE MAY INCLUDE JURISDICTIONAL DEFENSES AND OR DEFENSES RELATING TO STATE
IMMUNITIES )

<u>THE CLERK OF COURT</u>                          <u>THE PLAINTIFF,, LEELAND EISENBERG</u>
UNITED STATE FEDERAL COURT                    <u>THE WYATT</u>
DISTRICT OF MASSACHUSETTS                     <u>950 HIGH STREET</u>
ONE COURTHOUSE WAY                            <u>CENTRAL FALLS, RI 02863</u>
BOSTON , MASSACHUSETTS  02210  ( USA )

IF YOU FAIL TO RESPOND,  JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT .
YOUR ANSWER MUST BE FILED WITH THE COURT AND THE PLAINTIFF ( ADDRESSED ABOVE )

DATED:_____

                                    **CLERK OF COURT**

                                    _____
                                    **SIGNATURE OF CLERK OR DEPUTY CLERK**

FILED
IN CLERKS OFFICE

## UNITED STATES FEDERAL DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

2022 FEB -4  AM 11: 08

CIVIL CASE NO. _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

LEELAND EISENBERG
PLAINTIFF
V
PEOPLES REPUBLIC OF CHINA
DEFENDANTS, et. AL;

### CIVIL COMPLAINT PERSONAL INJURY
28 USCS SEC. 1605 A. (2) AND (5)
NON-JURY ACTION

## JURISDICTION

28 USCS Sec. 1330  U.S. DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION WHERE FOREIGN STATE IS NOT ENTITLED TO IMMUNITY AS PROVIDED BY CLAIMS UNDER 28 USCS SEC. 1605 A. (2) AND (5)

## PARTIES

DEFENDANTS, et. AL;
PEOPLES REPUBLIC OF CHINA,  VIA THE
FOREIGN MINISTER,  THE HON. YI  WANG
FOREIGN MINISTER'S OFFICE
BEIJING, CHINA

THE PLAINTIFF,
LEELAND EISENBERG
THE WYATT
950 HIGH STREET
CENTRAL FALLS, RI 02863

## NATURE OF COMPLAINT

PLAINTIFF'S TWO COUNT COMPLAINT ARISES FROM THE DEFENDANT'S COUNT ONE ( "COMMERCIAL ACTIVITY"  ) THAT CAUSED A DIRECT EFFECT IN THE UNITED STATES BY EXPORTING, AND TRANSMITTING THE SARS-2 CORONA VIRUS-COVID-19,  BY WAY OF COMMERCIAL AIR TRAVEL PASSENGER TRAFFIC AND OTHER MEANS AS DEFINED UNDER 28 USCS SEC. 1605 A. (2) WHICH HARMED, INJURED AND CAUSED THE INFECTION OF THE PLAINTIFF WITH A LIFE THREATENING DISEASE AND ILLNESS, AND ,  AS TO COUNT TWO ( "NON COMMERCIAL TORT" )  FOR ( PERSONAL INJURY )  CAUSED BY DEFENDANTS INTENTIONAL WRONGS AND THE NEGLIGENT FAILURE TO WARN THE PLAINTIFF AND THE UNITED STATES, BY AND FURTHER CAUSE OF THE DEFENDANTS ( ACTS )  OR ( OMISSIONS ) AS THE PROXIMATE CAUSE OF PLAINTIFF'S LIFE THREATENING DISEASE OR INFECTION OF AN ILLNESS FROM THE SARS-2 CORONA VIRUS-COVID-19,  WHICH INFLICTED LASTING MEDICAL INJURIES AND PHYSICAL AILMENT AND THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS SEEKING RELIEF MONEY DAMAGES  AND JUDGMENT OF $100,000,000.00 U.S. (ONE HUNDRED MILLION DOLLARS AND ZERO CENTS U.S.).

(1)

## PLAINTIFFS STATEMENT OF FACTS

1.) THAT THE DEFENDANT'S, THROUGH THEIR SOVEREIGN OFFICIALS ACTING IN THEIR OFFICIAL CAPACITY AND BY THEIR EMPLOYEES AGENTS AND ASSIGNS, OPERATED AN EXPERIMENTAL BIOLOGICAL  RESEARCH FACILITY KNOWN AS ( THE WUHAN INSTITUTE OF VIROLOGY ) LOCATED IN THE CITY OF WUHAN , OF THE FOREIGN NATION STATE OF CHINA THE PEOPLES REPUBLIC OF CHINA .

2.) THAT WITHIN THE CONFINES OF THE WUHAN INSTITUTE OF VIROLOGY , THE DEFENDANTS THROUGH THEIR OFFICIALS, EMPLOYEES, AGENTS AND ASSIGNS, CONDUCTED DANGEROUS SCIENTIFIC BIOLOGICAL GENETIC VIROLOGY-VIRAL STUDIES AND CONDUCTED SUCH SCIENTIFIC LABORATORY EXPERIMENTS ON VIRUSES AND VIRAL DISEASES, WHICH INCLUDED THE STUDY OF AND EXPERIMENTS WITH A VIRUS NOW COMMONLY KNOWN AS THE "SARS-2 CORONA VIRUS-COVID-19", IN WHICH THE DEFENDANTS ENGAGED  IN AND PERFORMED WHAT IS KNOWN IN SCIENTIFIC TERMS AS  "GAIN-OF-FUNCTION RESEARCH-EXPERIMENTATION" IN AN OTHERWISE INTENTIONAL ACT TO ALTER THE GENETIC-MOLECULAR VIRAL-VIRULENT PROPERTIES OR VIRAL CHARACTERISTICS OF THE CORONA VIRUS,  WITH THE GOAL AND THE INTENT, "TO SIGNIFICANTLY INCREASE THE VIRUS CONTAGIONS AND CONTAGIOUS ABILITY TO INFECT AND IT'S ABILITY TO REPLICATE MUTATE AND  OR RAPIDLY SPREAD, AND TO RESIST OR TO OVERCOME IMMUNE RESPONSE AND TO SIGNIFICANTLY INCREASE IT'S VIRULENT LETHAL POTENCY AND PHYSICAL-PHYSIOLOGICAL EFFECTS OF INFECTION  AND TO ENHANCE THE DEBILITATING MUTATIONS AND REPLICATION AS WELL AS THE MANNER  AND EASE OF TRANSMISSION.

3.) THAT FOR A SIGNIFICANT PERIOD OF TIME, PRIOR TO GIVING THE PLAINTIFF AND THE WORLD WARNING OR NOTICE,  BEGINNING SOMETIME IN THE SUMMER OF OR EARLY FALL MONTHS OF 2019, THE DEFENDANTS FIRST LEARNED OF AND HAD ADVANCED NOTICE AND DETAILED KNOWLEDGE THAT, THERE WAS A MAJOR WIDESPREAD OUTBREAK OF VIRAL INFECTION DISEASE SICKNESS HOSPITALIZATIONS AND DEATHS, IN A PATTERN FORM AND IN A COMMON VOLUMINOUS SERIES OF SIMILAR CHARACTERISTIC OF INFECTION OF HUMAN BEINGS IN  WUHAN CHINA, AND IT'S SURROUNDING PROVINCE, OF A UNIQUE-NOVEL, HIGHLY CONTAGIOUS AND HIGHLY LETHAL PARTICULAR  STRAIN  OR FORM OF THE  ( SARS-2-CORONA VIRUS-COVID-19 ) ......... ("LIKE THOSE FORMS AND STRAINS OR VERSIONS BEING DESIGNED AND CREATED INSIDE THE WUHAN INSTITUTE OF VIROLOGY")  THAT THE DEFENDANTS KNEW THAT THIS FORM OF VIRUS AND IT'S VIRULENT EFFECTS ON HUMANS WERE RAPIDLY SPREADING AND INFECTING HUMANS THROUGHOUT THE CITY OF WUHAN AND IT'S

SURROUNDING PROVIDENCE/COMMUNITY AND THAT THIS UNIQUE STRAIN AND FORM OF
VIRUS DID NOT RESPOND TO AND COULD NOT BE SUCCESSFULLY MEDICALLY TREATED BY
ANY KNOWN EXISTING VIRAL TREATMENTS OR MEDICATIONS, AND THAT THIS PARTICULAR
STRAIN OR VERSION OF VIRUS WAS ACCELERATING IN AN EXTRAORDINARY EXPEDIENT AND
RAPID UNPRECEDENTED RATE OF TRANSMISSION AND INFECTION THROUGH HUMAN
CONTACT AND BY SOCIAL OR ENVIRONMENTAL EXPOSURE RESULTING IN WIDESPREAD
SICKNESS, DISEASE, HOSPITALIZATIONS AND DEATH.

4.) THAT THE DEFENDANTS, FOR AT LEAST 6 MONTHS OR MORE, WILLFULLY,
KNOWINGLY, INTENTIONALLY, DELIBERATELY AND NEGLIGENTLY CONCEALED, COVERED-UP,
SUPPRESSED AND ACTED TO DENY THE WORLD AND THIS PLAINTIFF, OF THE DEFENDANT'S
KNOWLEDGE OF AND THE EXISTENCE OF, THE OUTBREAK IN WUHAN AND THE PEOPLES
REPUBLIC OF CHINA, OF THIS PARTICULAR VIRULENT STRAIN OF (SARS-2, CORONA VIRUS-
COVID-19) AND IT'S EXTRAORDINARY RATE OF INFECTION AND SEVERITY OF ILLNESS AND
SYMPTOMS RESULTING THEREFROM, AND FAILED TO GIVE DUE NOTICE OR WARNING TO THE
REST OF THE WORLD, EUROPE, THE UNITED STATES AND BY EXTENSION THE PLAINTIFF.

5.) THAT THROUGHOUT THE PERIOD OF TIME BETWEEN JUNE 2019 THROUGH MARCH
OF 2020, WHILE AT ALL TIMES THERETO, THE DEFENDANTS KNEW THAT A PARTICULARLY
HIGHLY CONTAGIOUS AND HIGHLY LETHAL STRAIN OR FORM OF THE ( SARS-2 CORONA
VIRUS-COVID-19 ) WAS THEN RAPIDLY SPREADING OUT OF CONTROL FROM HUMAN TO
HUMAN AT AN EXTRAORDINARILY HIGH RATE OF INFECTION WITH SEVERE ILLNESS,
WIDESPREAD HOSPITALIZATIONS AND DEATH, WITHIN THE CITY OF WUHAN AND IT'S
SURROUNDING PROVINCE, THE DEFENDANTS ( IN A CONSCIOUSNESS OF THE RISK, GUILT,
KNOWLEDGE AND DUTY TO INFORM AND PROTECT) ........ TOOK STEPS OR ACTIONS TO
CONTAIN, ISOLATE AND MINIMIZE THE SPREAD OF THE VIRUS ( BUT ONLY TO IT'S OWN
CITIZENS THROUGHOUT THE REST OF THEIR OWN COUNTY ONLY ) BY CREATING A MILITARY
BLOCKADE USING IT'S SOVEREIGN MILITARY FORCES AND GOVERNMENT OFFICIALS OR
EMPLOYEES TO INSTITUTE AND ENFORCE A PROVINCIAL AREA QUARANTINE-LOCKDOWN BY
ENCIRCLING THE CITY OF WUHAN AND THE SURROUNDING PROVINCE WITH MILITARY
FORCES , THAT INCLUDED SAFETY MEASURES SUCH AS HOME CONFINEMENT, THE
SUSPENSION OF ( DOMESTIC ) ECONOMIC COMMERCIAL ACTIVITIES AND PROHIBITED OR
PREVENTED ALL OF ( IT'S OWN ) CITIZENS FROM DOMESTIC TRAVEL ENTERING INTO OR
OUTSIDE OF THE CITY OF WUHAN AND IT'S SURROUNDING PROVINCE-COMMUNITIES AND FOR
MONTHS MAINTAINED A VEIL OF STATE ORDERED SECRECY OF THE FACTS OF AND
INFORMATION PERTAINING TO ( THE VIRUS OUTBREAK ) BUT THEN CONVERSELY, ALLOWED
FOR, FACILITATED AND ENGAGED IN INTERNATIONAL COMMERCIAL AIR TRAVEL, AIR TRAFFIC

(3)

AND OPERATED IT'S OWN AIRPORTS AND STATE RUN AIRLINES IN AND OUT OF THE CITY OF
WUHAN AND IT'S SURROUNDING PROVINCE , THAT RESULTED IN IT'S OWN CITIZENS AND
FOREIGN NATIONALS, FOREIGN CITIZENS, BUSINESS AND TRADE TRAVELERS AND TRADE
REPRESENTATIVES AND/OR TOURIST ( TO TRAVEL FROM  THE CITY OF WUHAN AND IT'S
SURROUNDING PROVINCE ) AS WELL AS THROUGHOUT THE NATION STATE OF CHINA , TO
THEN AND THEREBY TRAVEL....( TO THE UNITED STATES ) AS WELL AS THROUGHOUT ALL
NATIONS OF THE WORLD,  INCLUDING ITALY, FRANCE, GERMANY, GREAT BRITAIN, AND
( ELSEWHERE ) WHICH KNOWINGLY AND NEGLIGENTLY ALLOWED FOR AND PROVIDED FOR
THE SOLE MEANS AND MANNER OF EXPORTING AND TRANSMITTING AND  INTRODUCING AND
ENTRY OF THE (SARS-2, CORONA VIRUS-COVID-19) INTO THE ( UNITED STATES )  AND TO
COUNTRIES THROUGHOUT THE WORLD,  AND IS THE SOLE MANNER, MEANS, AND CAUSE FOR
THE EXPOSURE TO, THE SPREAD OF AND INFECTION OF THE ( VIRUS ) BY THIS PLAINTIFF, THE
UNITED STATES AND THE WORLD IN GENERAL.

      6.)THAT THE DEFENDANTS COMMERCIAL ACTIVITY DEFINED AS AND COMPRISED OF
COMMERCIAL AIR TRAFFIC, COMMERCIAL AIR TRAVEL, THE OPERATION OF STATE OWNED
STATE RUN AIRLINES, AIRPORTS, AIRPORT TERMINALS, AIR TRAFFIC PASSENGER TICKET
SALES , BOTH IN CHINA, IN THE UNITED STATES AND ( ELSEWHERE) IN  ITALY, FRANCE,
GERMANY, GREAT BRITAIN, AUSTRALIA AND COUNTRIES THROUGHOUT THE WORLD THAT
INCLUDED  THE SOVEREIGN AND  INTERNATIONAL CUSTOMERS OF THE DEFENDANTS
INCLUDING UNITED STATES CITIZENS, THE DEFENDANTS OWN CITIZENS, CITIZENS OF OTHER
NATION STATES AND BUSINESS TRAVELERS OTHERWISE TRAVELING IN AND OUT OF CHINA
AND IN PARTICULAR THE CITY OF WUHAN AND IT'S SURROUNDING PROVINCE,  BETWEEN AT
LEAST JUNE 2019 THROUGH MARCH 2020,  IS  BY A PREPONDERANCE OF THE EVIDENCE",
MORE LIKELY THAN NOT"  THE MANNER AND MEANS BY WHICH,  IS  HOW THE (SARS-2,
CORONA VIRUS-COVID-19)  WAS FIRST INTRODUCED INTO ,  EXPORTED TO  AND
TRANSMITTED IN THE UNITED STATES AND ( ELSEWHERE ) FROM IT'S ORIGINS IN WUHAN,
CHINA , AND THE MANNER AND MEANS UPON WHICH THE PLAINTIFF BECAME EXPOSED TO
AND INFECTED BY THE (SARS-2, CORONA VIRUS-COVID-19)  AND THE EVENTUAL INFECTION,
SICKNESS AND DEATH OF MILLIONS OF VICTIMS THROUGHOUT THE UNITED STATES AND
AROUND THE WORLD AND WHEREBY THE DEFENDANTS CREATED A WORLD-WIDE PANDEMIC
OF EPIC PROPORTIONS BY THEIR ACTS OR OMISSIONS AND THEIR COMMERCIAL ACTIVITY AS
DESCRIBED AFOREGOING: 28 USCS SEC. 1605 A. ( 2 ) :

      7.) ON SEPTEMBER 29, 2021 THE PLAINTIFF WAS INFECTED WITH AND BECAME SICKENED
BY THE COVID-19 SARS-2 CORONA VIRUS IN THE TERRITORY OF THE UNITED STATES .

## PLAINTIFF'S CLAIMS

## COUNT ONE:

### "COMMERCIAL ACTIVITIES NOT" SUBJECT TO IMMUNITIES 28 USCS SEC. 1605 A. (2) . OF SEC. 1603 (e) AND (d)

THE PLAINTIFF HERE RELYING UPON THE AFOREGOING ENUMERATED FACTS # (1) THROUGH # (7) , HEREBY MAKES A COGNIZABLE CLAIM OR CLAIMS, THAT THE DEFENDANTS THROUGH AND IN THE COURSE OF THEIR COMMERCIAL ACTIVITIES, DEFINED AS THE OPERATION OF THE SOVEREIGN STATE OWNED STATE RUN COMMERCIAL AIRLINES, COMMERCIAL AIR ( TRAFFIC ), AIRPORTS, AIRPORT TERMINALS, BUSINESS AND TOURISM AIR TRAVEL SERVICES AND COMMERCIAL RETAIL AIRLINE PASSENGER TICKET SALES, BOTH WITHIN ( THE TERRITORY OF CHINA ) AND IN PARTICULAR ( WUHAN CHINA ) AS WELL AS SUCH SAME COMMERCIAL ACTIVITIES (CARRIED ON) IN THE ( UNITED STATES ) AND ( ELSEWHERE ) THROUGHOUT THE WORLD TO INCLUDE ITALY, FRANCE, GERMANY, AND GREAT BRITAIN, THAT HAD A ( DIRECT EFFECT ) IN THE UNITED STATES BY EXPORTING AND INTRODUCING THE (SARS-2, CORONA VIRUS-COVID-19) THAT THEN SPREAD RAPIDLY THROUGHOUT THE UNITED STATES AND THEREBY EXPOSED THE PLAINTIFF TO AND INFECTED THE PLAINTIFF WITH, SAID DEADLY VIRUS AND WHICH INFLICTED THE PLAINTIFF WITH SICKNESS, DISEASE AND ILLNESS AND FURTHER INFLICTED PLAINTIFF WITH CONTINUING MEDICAL AILMENTS KNOWN AS "LONG COVID" AND IT'S LINGERING PHYSICAL EFFECTS THEREFROM AND THE INFLICTION OF EXTREME EMOTIONAL DISTRESS  AND MENTAL ANGUISH,  BY THE REAL FEARS AND POTENTIAL FOR THE PLAINTIFFS DEATH AS WELL AS PAIN AND SUFFERING,  AS RESULTING FROM THE DEFENDANTS COMMERCIAL ACTIVITIES, 28 USCS SEC. 1605 A. (2) SEC. 1603 (e) AND (d).

WHEREAS, UNDER COMMERCIAL ACTIVITIES EXCEPTION TO IMMUNITIES  UNDER SEC. 1605 A. (2) " A FOREIGN STATE IS NOT IMMUNE, WHEN IT'S ACTIONS ARE BASED... 1.) UPON COMMERCIAL ACTIVITY CARRIED ON IN THE UNITED STATES HERE CLAIMED AS THE OPERATION OF AND FACILITATING OF AIR TRAFFIC – AIR TRAVEL TO OR FROM THE UNITED STATES AND/OR CHINA UTILIZING STATE OWNED STATE RUN AIRLINES, AIRPORTS, AIRPORT TERMINALS, FACILITATING BUSINESS AND/OR TOURISM AIR TRAVEL SERVICES; AND 2.) UPON AN ACT PERFORMED IN THE UNITED STATES  AS THE SENDING OF AIR TRAVELERS FROM THE WUHAN CHINA TERRITORIES OF CHINA TO THE UNITED STATES IN CONNECTION WITH AND CONSTITUTING COMMERCIAL ACTIVITY AIRLINE ( TRAFFIC – TRAVEL ) BY THE FOREIGN STATE ( ELSEWHERE ) TO WHIT AROUND THE WORLD FROM CHINA AND WHOSE CUSTOMERS THEN TRAVELED TO THE UNITED STATES THEREBY EXPORTING AND TRANSMITTING THE VIRUS TO

AND WITHIN THE UNITED STATES, AND/OR, 3.) UPON AN ACT OUTSIDE THE TERRITORY OF THE UNITED STATES IN CONNECTION WITH A COMMERCIAL ACTIVITY..... HERE CLAIMED AS THE DEFENDANTS OPERATION OF SOVEREIGN OWNED AND STATE RUN AIRLINES, AIRPORTS, AIRPORT TERMINALS, AIR TRAVEL – AIR TRAFFIC IN THE TERRITORY OF CHINA AND IN PARTICULAR THE WUHAN PROVINCE AND ( ELSEWHERE ) SUCH AS EUROPE AND AROUND THE WORLD WITH DIRECT OR INDIRECT AIRLINE AIRPLANE FLIGHTS THROUGH FROM AND TO THE UNITED STATES, THAT CAUSED A DIRECT EFFECT IN THE UNITED STATES; HERE CLAIMED AS THE EXPORT OF, THE INTRODUCTION TO, AND INFECTION OF THE PLAINTIFF AND THE CITIZENS OF THE UNITED STATES TO THE (SARS-2, CORONA VIRUS-COVID-19) CAUSING ILLNESS, DISEASE, SICKNESS AND DEATH.

[COMMERCIAL ACTIVITY] UNDER 28 USCS SEC. 1605 A. (2), AS FURTHER DEFINED UNDER 1603 (d) APPLIES HERE TO PLAINTIFFS FACTS AND CLAIMS UNDER [ COUNT ONE ] WHEREAS "COMMERCIAL ACTIVITY" IS ENCOMPASSED AS NOT SUBJECT TO THE FOREIGN SOVEREIGN IMMUNITIES 28 USCS SEC. 1602, AS IT IS DEFINED UNDER 1603 (d) AS EITHER OF A REGULAR COURSE OF COMMERCIAL CONDUCT (AIRLINE TRAVEL SERVICES, AIRLINE OPERATIONS, AIRPORT TERMINALS, PASSENGER TICKET SALES, STATE OWNED – STATE RUN AIRLINES, AND OR OF A PARTICULAR COMMERCIAL TRANSACTION OR ACT, ACCORDING TO THIS ACT 1603(d) , THE COMMERCIAL CHARACTER OF AN ACTIVITY SHALL BE DETERMINED BY REFERENCE TO THE NATURE OF THE COURSE OF CONDUCT OR THE PARTICULAR TRANSACTION OR ACT, RATHER THAN BY REFERENCE TO IT'S PURPOSE, UNDER SEC. 1603 (d) THE PURPOSE OF "COMMERCIAL ACTIVITY" IS IRRELEVANT, RATHER, THE COURT MUST LOOK TO THE NATURE OF THE ACTIVITY APART FROM IT'S PURPOSE IN THE SENSE THAT THE PURCHASE OR SALES OF GOODS OR [ SERVICES ] REGARDLESS OF THEIR ULTIMATE PURPOSE "[ IS ] COMMERCIAL IN NATURE".

[ COMMERCIAL ACTIVITY ] ENCOMPASSES BOTH REGULAR COURSE OF COMMERCIAL CONDUCT AND A PARTICULAR ACT OR TRANSACTION, HOWEVER THE STANDARD OR ANALYSIS TO BE APPLIED , IS NOT WHETHER THE FOREIGN GOVERNMENT WAS ACTING WITH A PROFIT MOTIVE OR INSTEAD WITH THE AIM OF FULFILLING UNIQUELY SOVEREIGN OBJECTIVES, BUT RATHER ISSUE IS WHETHER THE PARTICULAR ACTIONS THAT FOREIGN STATE PERFORMED ( WHATEVER THE MOTIVE BEHIND THEM ) WERE THE TYPE OF ACTIONS BY WHICH A PARTICULAR PRIVATE PARTY OR ENTITIES ENGAGED IN [ TRADE ] OR LIKE [ SERVICES ] , [ TRAFFIC ] OR [ COMMERCE ] SEC. 1603 (d), WHEREAS THE PLAINTIFF FURTHER RELYING UPON HIS FACTS AFOREGOING SUPPORTS HIS CLAIMS AS TO COUNT ONE AS TO THE DEFINITION OF "COMMERCIAL ACTIVITY" AS DEFINED UNDER SEC. 1603 ( e ) WHICH AS TO THE DEFENDANT'S COMMERCIAL ACTIVITY AS DESCRIBED IN THIS COMPLAINT

(6)

CARRIED ON BY A FOREIGN STATE AS USED AND UNDER EXCEPTIONS TO SOVEREIGN
IMMUNITY 28 USCS SEC. 1605 A. (2) , WHERE SUCH COMMERCIAL ACTIVITY AS HERE SHOWN
AS HAVING HAD "SUBSTANTIAL CONTACT WITH THE UNITED STATES".

## COUNT TWO

### NON-COMMERCIAL TORT FOR PERSONAL INJURY NOT SUBJECT TO IMMUNITY UNDER 28 USCS SEC. 1605 A. (5)

28 USCS SEC. 1605 A.) PROVIDES THAT A FOREIGN STATE SHALL NOT BE IMMUNE
FROM THE JURISDICTION OF THE COURTS OF THE UNITED STATES, AS TO CLAIMS NOT
OTHERWISE ENCOMPASSED IN SEC. 1605 A. (2) COMMERCIAL ACTIVITY; FOR CLAIMS OF
"NON-COMMERCIAL TORT – FOR PERSONAL INJURY" UNDER 28 USCS SEC. 1605 A. (5) IN
WHICH MONEY DAMAGES ARE SOUGHT AGAINST A FOREIGN STATE FOR PERSONAL INJURY
OR DEATH, OCCURRING IN THE UNITED STATES CAUSED BY THE TORTIOUS ACT OR OMISSION
OF THAT FOREIGN STATE, OR ANY OFFICIAL OR EMPLOYEE OF THAT FOREIGN STATE, WHILE
ACTING WITHIN THE SCOPE OF THEIR OFFICE OR EMPLOYMENT.

THE PLAINTIFF HERE RELIES UPON THE AFOREGOING ENUMERATED FACTS AND
CLAIMS # (1) THROUGH # (7) AND BY COUNT ONE, TO MAKE THE FOLLOWING COGNIZABLE
CLAIM OR CLAIMS OF NON-COMMERCIAL TORT FOR PERSONAL INJURY, 28 USCS SEC. 1605 A.
(5). THAT BY A CIVIL COURT STANDARD AND BURDEN OF PROOF ( BY A PREPONDERANCE OF
THE EVIDENCE )......( THAT IT IS MORE LIKELY THAN NOT ) BY SCIENTIFIC FORENSIC
EVIDENCE, WHICH INCLUDES EVIDENCE OF EXPERT VIROLOGY STUDIES, SCIENTIFIC
GENETIC EXAMINATION AND TEST, BY AND WITH A LARGE DEGREE OF CIRCUMSTANTIAL
MATERIAL EVIDENCE, THAT THE DEFENDANTS ( OFFICIALS ) AND ( EMPLOYEES ) ACTING IN
THE SCOPE OF THEIR OFFICE AND EMPLOYMENT, AT THE DEFENDANTS WUHAN INSTITUTE OF
VIROLOGY, IN THE CITY OF WUHAN CHINA, OF THE PEOPLES REPUBLIC OF CHINA, THEREBY
COMMITTED ( ACTS ) IN THE FORM OF STATE SPONSORED, STATE ORDERED, STATE FUNDED,
STATE SUPERVISED AND STATE CONTROLLED BIOLOGICAL GENETIC VIROLOGICAL-VIRAL
SCIENTIFIC EXPERIMENTATION IN THE STUDIES OF VIROLOGY-CONTAGIOUS AND INFECTIOUS
DISEASE, AND FOR THIS PURPOSE ENGAGED IN EXPERIMENTS AND PERFORMED ( ACTS ) OF
THE TYPE COMMONLY KNOWN, IN SCIENTIFIC TERMS AS, ........ ( "GAIN OF FUNCTION
RESEARCH – EXPERIMENTATION" ) ON A CONTAGIOUS VIRUS NOW COMMONLY KNOWN AS
( SARS-2 CORONA VIRUS-COVID-19) AND ENGAGED IN DANGEROUS DEADLY ( INTENTIONAL

ACTS ) TO ALTER THE MOLECULAR GENETIC VIRAL PROPERTIES AND VIRAL
CHARACTERISTICS OF THE CORONA VIRUS, WITH THE INTENT AND PURPOSE, AND OR BY
( ACT ) OR ( OMISSION )  DID SIGNIFICANTLY ALTER THE VIRUS – VIRAL PHYSIOLOGICAL AND
BIOLOGICAL PROPERTIES TO MAKE THE VIRUS SIGNIFICANTLY MORE CONTAGIOUS, MORE
VIRULENT AND  MORE LETHAL, TO RESIST OR OVERCOME IMMUNE RESPONSE,  THE ABILITY
TO REPLICATE AND MUTATE OR SPREAD MORE RAPIDLY FROM HUMAN TO HUMAN AND BY
ENVIRONMENTAL EXPOSURE AND AIRWAY TRANSMISSION,  AND IN SO DOING , CREATED A
LETHAL NEW ( FORMERLY UNKNOWN ) FORM OR STRAIN OF THE CORONA VIRUS,  AND THEN
BY FURTHER  ACTS OR OMISSION,  FAILED TO CONTAIN OR SECURE THE VIRUS WITHIN THE
CONFINES OF  THE WUHAN INSTITUTE OF VIROLOGY, IN THE CITY OF WUHAN CHINA IN 2019.

        BY A PREPONDERANCE OF THE EVIDENCE, IT IS MORE LIKELY THAN NOT,  AND WELL
SETTLED AMONG SCIENTIFIC EVIDENCE, SCIENTIFIC EXPERTS IN THE STUDY OF VIROLOGY
AND THE WORLDS SCIENTIFIC COMMUNITY,  THAT THE DEFENDANTS FOREIGN STATE
OFFICIALS AND/OR EMPLOYEES, DURING THEIR RESEARCH AND EXPERIMENTS ON THE
CORONA VIRUS AT THE WUHAN INSTITUTE OF VIROLOGY,  SOMETIME IN LATE 2019, SAID
OFFICIALS AND/OR EMPLOYEES BECAME EXPOSED TO AND WERE INFECTED WITH,  A NEW
MORE CONTAGIOUS, MORE DEADLY, MORE TRANSMISSIBLE FORM OF THE VIRUS THAT THEY
THEMSELVES HAD DESIGNED AND CREATED IN THE WUHAN LABORATORY, AND THEN
TRAVELED INTO THE SURROUNDING COMMUNITY OF WUHAN CHINA , AND EXPOSED AND
INFECTED UNKNOWING AND  UNWITTING  MEMBERS OF THE GENERAL PUBLIC OF WUHAN
CHINA.  WHICH THEN LEAD TO A MAJOR OUT BREAK OF INFECTION  AT A HIGH RATE OF
TRANSMISSION IN WUHAN CHINA AND IT'S SURROUNDING PROVINCE.

        BY A PREPONDERANCE OF THE EVIDENCE, IT IS MORE LIKELY THAN NOT, THAT THE
DEFENDANTS FOREIGN STATE OFFICIALS AND EMPLOYEES IN THE SUMMER AND EARLY FALL
MONTHS OF 2019,  ENGAGED IN ( ACTS ) OR ( OMISSIONS ) TO CONCEAL THE EXISTENCE OF
AND THEIR KNOWLEDGE OF THE VIRUS AND IT'S LETHAL FORM,  THAT THEY DESIGNED AND
CREATED, AND DELIBERATELY  KEPT SUCH KNOWLEDGE FROM THE GENERAL PUBLIC IN
WUHAN CHINA AND THE REST OF THE WORLD, THE UNITED STATES AND THE PLAINTIFF,  AND
THEREBY FAILED TO GIVE THE PLAINTIFF AND THE WORLD DUE WARNING,  AND THEN WITH
SUCH KNOWLEDGE,  BY ACT OR OMISSION,  NEGLIGENTLY  CONTINUED TO ALLOW
INTERNATIONAL TRAVEL INTO AND OUT OF WUHAN CHINA AND THE PEOPLES REPUBLIC OF
CHINA,  WHICH IS THE PROXIMATE CAUSE FOR AND HOW THE DEADLY AND HIGHLY
CONTAGIOUS CORONA-COVID-19 VIRUS WAS  FIRST EXPORTED TO AND FIRST  INTRODUCED
INTO THE UNITED STATES AND AROUND THE WORLD , AND CAUSED THE PLAINTIFF'S
PERSONAL INJURY DEFINED BY EXPOSURE TO AND INFECTION OF THE CORONA VIRUS AND

IT'S RESULTING SICKNESS, ILLNESS AND DISEASE.  THAT WAS DESIGNED AND CREATED BY
THE DEFENDANTS AT THE WUHAN INSTITUTE OF VIROLOGY,  AND FURTHER CAUSED
PLAINTIFF ADDITIONAL CONTINUING PHYSICAL INJURIES OF  "LONG- COVID " TYPE AILMENTS
AND THE INFLICTION OF EXTREME EMOTIONAL DISTRESS, FEARING HIS OWN DEATH FROM
INFECTION, RESULTING IN THE PLAINTIFF'S MENTAL ANGUISH  PAIN AND SUFFERING,   WHEN
ON OR ABOUT SEPTEMBER 29TH 2021 THE PLAINTIFF BECAME EXPOSED TO AND INFECTED
WITH AND SICKENED BY THE SARS-2 CORONA VIRUS-COVID-19,  IN THE STATE OF RHODE
ISLAND IN THE TERRITORY OF THE UNITED STATES,  THAT WAS THE PROXIMATE CAUSE BY
THE DEFENDANTS ACTS OR OMISSIONS,  AS DESCRIBED AFOREGOING, AS A CLAIM OF TORT
FOR PERSONAL INJURY UNDER 28 USCS  SEC. 1605 (A) (5).

        BY A PREPONDERANCE OF THE EVIDENCE, IT IS MORE LIKELY THAN NOT, THAT THE
( ACTS ) OF THE DEFENDANTS CONSISTED OF ,  A.) THAT THEY DESIGNED CREATED AND
MANUFACTURED  A HIGHLY CONTAGIOUS AND  HIGHLY DEADLY VIRULENT NEW FORM OF THE
SARS-2 CORONA VIRUS-COVID-19 IN THEIR VIROLOGY LAB IN WUHAN CHINA,   B.) THAT THEN
INFECTED THE GENERAL PUBLIC IN WUHAN CHINA,   C.) THAT THEY THEN CONCEALED THEIR
KNOWLEDGE OF THE EXISTENCE OF THE VIRUS AND IT'S HIGHLY CONTAGIOUS DEADLY
STRAIN  THAT WAS RAPIDLY SPREADING IN WUHAN CHINA,  D.) THAT THEY ALLOWED FOR
AND THEY FAILED TO STOP INTERNATIONAL TRAVEL AND TRAFFIC IN AND OUT OF WUHAN
CHINA AND THE PEOPLES REPUBLIC OF CHINA,  DURING SAID INITIAL VIRAL  OUTBREAK OF
INFECTION , E.) THAT THEY CONCEALED OR TRIED TO COVER UP THEIR KNOWLEDGE OF AND
THE DANGER TO THE PUBLIC, THE UNITED STATES, THE WORLD AND THIS PLAINTIFF OF THE
ORIGINS AND EXISTENCE  OF THE VIRUS, BY ACT OR  OMISSION, AND BY THEIR  FAILURE TO
GIVE DUE WARNING TO THE WORLD,  THAT  THEN  LEAD TO A WORLD WIDE PANDEMIC,
EXPOSING AND INFECTING HUNDREDS OF MILLIONS OF PEOPLE AROUND THE WORLD,
CAUSING  MILLIONS OF DEATHS AND A GLOBAL ECONOMIC DISASTER,  AND MORE THAN 800
THOUSAND DEATHS  AND MANY MANY MORE MILLIONS  OF INFECTIONS IN THE TERRITORY OF
THE UNITED STATES,  CAUSING SEVERE ECONOMIC DISASTER AND UNTOLD HUMAN
SUFFERING OF THE AMERICAN PEOPLE   AND THEREBY CAUSED THE PLAINTIFF'S PERSONAL
INJURY BY HIS  EXPOSURE TO AND  INFECTION FROM THE VIRUS,  EXPORTED TO THE UNITED
STATES  FROM WUHAN CHINA,  BY THE ACTS OR OMISSIONS OF THE DEFENDANTS , THE
PEOPLES REPUBLIC OF CHINA,  THEREBY CAUSING THE PLAINTIFF'S SICKNESS  DISEASE,
ILLNESS, AND INFECTION TO COVID-19  RESULTING IN PLAINTIFF'S SUFFERING FROM
EXTREME  EMOTIONAL DISTRESS , PAIN SUFFERING AND OF PERSONAL  INJURY TO THE
PLAINTIFF,  AS A CLAIM OR CLAIMS UNDER   28 USCS SEC. 1605 A. (5) .

(9)

## PLAINTIFF SEEKS RELIEF AND DAMAGES

A.) PLAINTIFF MOVES FOR RELIEF IN THE FORM OF A CIVIL JUDGMENT AGAINST THE DEFENDANTS FOR MONEY DAMAGES IN THE AMOUNT OF ($100,000,000.00 U.S.) ONE HUNDRED MILLION DOLLARS AND ZERO CENTS (U.S.).

B.) PLAINTIFF RESERVES RIGHT TO FURTHER AMEND HIS FACTS AND CLAIMS AND DAMAGES AS THE FACTS AND EVIDENCE THROUGH DISCOVERY REQUIRE TO INCLUDE THE NAMING OF ADDITIONAL DEFENDANTS AND TO SEEK PLAINTIFFS CLASS ACTION STATUS.

C.) PLAINTIFF MOVES FOR FURTHER RELIEF THAT  THE COURT SEEMS MEET AND JUST:

DATED: *FEBRUARY 1ST 2022*

BY THE PLAINTIFF,

LEELAND EISENBERG
*THE WYATT*
*950 HIGH STREET*
*CENTRAL FALLS, R.I. 02863*

(10)