**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**LEELAND EISENBERG,**

        **Plaintiff,**

      **v.**                                **CIVIL ACTION NO. 22-cv-10194-IT**

**PEOPLE'S REPUBLIC OF CHINA,**
**THROUGH THE HON. YI WANG,**

        **Defendant.**

**MEMORANDUM AND ORDER**

February 10, 2023

**TALWANI, D.J.**

On May 19, 2022, the court directed Plaintiff Leeland Eisenberg to show cause why this action ought not be dismissed for lack of jurisdiction. See Mem. & Order [Doc. No. 11]. Eisenberg, who is proceeding pro se, filed two responses to the court's order, Pl.'s Mot. Show Cause Why Action Ought Not Be Dismissed ("Response to Show Cause") [Doc. No. 21] and Pl.'s Am. Suppl.  Mot. Show Cause Not to Dismiss Case [Doc. No. 22], and a request that the undersigned recuse herself, Pl.'s Mot. for Judicial Recusal [Doc. No. 23]. Plaintiff has since filed various motions. See Pl.'s Mot. to Waive (Pacer) Access Data Base Fees/Costs [Doc. No. 26]; Pl.'s Mot. for Status Update [Doc. No. 27]; Pl's Mot. for Status Pleading and Request for Cause of Judicial Delay [Doc. No. 30]. As set forth further below, the undersigned finds no grounds for recusal and, after consideration of the show cause responses, is not persuaded that the court has jurisdiction over this action. The motion for recusal is therefore DENIED and the action is DISMISSED for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Fed. R. Civ. P. 12(h)(3). The remaining motions are denied as moot. The Clerk is directed to enter a separate order of dismissal.

I.      Recusal

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). However, courts must not grant recusal simply to avoid any allegation of prejudice, since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). A judge "has a duty not to recuse himself or herself if there is no objective basis for recusal." In re United States, 441 F.3d 44, 67 (1st Cir. 2006).

Eisenberg alleged in his Complaint that he "became exposed to and infected with and sickened by SARS-2 Corona Virus-COVID-19, in the state of Rhode Island[,]" Compl., Count II, and he provided the address of a detention facility in Rhode Island as his mailing address. The court's Memorandum and Order [Doc. 11] stated that Eisenberg had alleged that he was infected with COVID-19 "in his prison cell." Id. at 1. Eisenberg points out that he never identified where he was infected with Covid-19. Affidavit ¶ 4 [Doc. No. 23-1]. The court acknowledges that the inference that Eisenberg was claiming to have been infected in his prison cell was not correct and that Eisenberg has not identified where in Rhode Island the exposure allegedly occurred.

Eisenberg asserts further that this error warrants the court's recusal. Pl.'s Aff. [Doc. No. 23-1] ¶¶ 3-4. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Instead, they may be "proper grounds for appeal, not for recusal." Id.

Eisenberg contends that the court's statement expressed "indifference," "animus," and "disdain" towards him. The court must weigh the objective facts asserted, however, and consider whether those facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981). I find that no objective person would find my statement to be a reasonable basis for doubting my impartiality.

Accordingly, the Plaintiff's Motion for Judicial Recusal [Doc. No. 23] is DENIED.

II.      Show Cause Response

Plaintiff's complaint is brought against the People's Republic of China ("China") through the Hon. Yi Wang under 28 U.S.C. §1330 and the Foreign Sovereign Immunity Act, 28 U.S.C. §1604 et seq ("the FSIA" or the "Act"). See Mem. & Order [Doc. No. 11]. A foreign state is "'presumptively immune from the jurisdiction of United States courts' unless one of the Act's express exceptions to sovereign immunity applies." OBB Personenverkehr AG v. Sachs, 577 U.S. 27, 31 (2015) (quoting Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993)). Eisenberg's complaint and show cause responses do not overcome this presumption.

First, with respect to the commercial activity exception, while the Complaint alleges that China operates state-run airlines and facilities, that allegation does not mean the action is "based upon" those activities. "[A]n action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the suit." Id. at 35. To determine whether an action is "based upon" the foreign state's sovereign act, "[r]ather than individually analyzing each of the . . . causes of action, [the court] zero[s] in on the core of the[] suit: the [foreign state's] sovereign acts that actually injured [plaintiff]." Id. at 35. "This inquiry requires more than a myopic focus on whether 'one element'

of the claim is based upon a 'commercial activity' of the foreign state." Merlini v. Canada, 926

F.3d 21, 27 (1st Cir. 2019).

Zeroing in, "the core" of Eisenberg's claim is not "based upon" commercial airline

activity or operations, but on the Chinese government's alleged "intentional act to alter the

genetic molecular viral-virulent properties or viral characteristics of the corona virus, with the

goal and the intent [] 'to significantly increase the virus contagions and contagious ability to

infect . . . and . . . rapidly spread . . . and to significantly increase [its] virulent lethal potency . . .

and ease of transmission." Compl. 7 [Doc. No. 1]. Eisenberg claims that the Chinese

government acted intentionally by creating COVID-19 in a lab in Wuhan, quarantining

immediate residents and, after the virus's escape from that location, allowing transmission to

the United States though the Chinese-owned airlines The commercial activities of the airlines –

serving as unwitting conduits for the virus – are not the core of his claim.

Eisenberg points to no case directly on point. The air travel cases he does cite are

inapposite. See e.g, Olsen by Sheldon v. Gov't of Mexico, 729 F.2d 641, 647 (9th Cir. 1984)

(negligence claim based upon acts or omissions of pilot and air controllers allegedly resulting in

airplane crash); Ospina v. Trans World Airlines, Inc., 975 F.2d 35, 37 (2d Cir. 1992) (passenger

death claim in non-FISA case based upon failure to thoroughly inspect for bomb on TWA

Flight 840 under Warsaw Convention); Grey v. Am. Airlines, 227 F.2d 282, 285 (2d Cir. 1955)

(non-FSIA case passenger death claim based upon Warsaw Convention); Nazarian v.

Compagnie Nationale Air France, 989 F. Supp. 504, 509 (S.D.N.Y. 1998) (airline sued by

passenger for breach of duty of safe passage of passengers arrested in France). In contrast, the

core of Eisenberg's tort action is based upon alleged high-level policy decisions of the Chinese

government, not the commercial activities of a Chinese owned airline. Accordingly, Eisenberg

has not met his burden that China's actions are "based upon" commercial activity under the

commercial activity exception to the Act. See 28 U.S.C. § 1605 (a)(2).

Second, Eisenberg's alternative basis for jurisdiction under the non-commercial tortious

activity exception, 28 U.S.C. § 1605(a)(5), fares no better because this exception for claims for

personal injury or damages occurring in the United States does not "apply to . . .  any claim

based upon the exercise or performance or the failure to exercise or perform a discretionary

function regardless of whether the discretion be abused." Id. "The so-called 'discretionary

function' limitation set out in § 1605(a)(5)(A) of the FSIA is modeled on a similar exception to

jurisdiction under the Federal Tort Claims Act ('FTCA'), 28 U.S.C. § 2680(a)." Fagot

Rodriguez v. Republic of Costa Rica, 297 F.3d 1, 8 (1st Cir. 2002). The FTCA "has received

extensive judicial treatment, and decisions construing its discretionary function exception are

useful in applying the parallel provision in the FSIA." Id. at 8-9. The First Circuit describes the

discretionary function test this way:

> The Supreme Court has crafted a two-part test for determining whether a
> challenged government action is protected as "discretionary" under the FTCA.
> The first question is whether the conduct in question "is a matter of choice for the
> acting employee." Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954,
> 100 L.Ed.2d 531 (1988). If a "federal statute, regulation or policy specifically
> prescribes a course of action for an employee to follow," then there is no room for
> choice and the discretionary function exception does not apply. Id.
>
> Second, assuming that the challenged conduct "involves an element of
> judgment," that judgment must be "of the kind that the discretionary function
> exception was designed to shield." Id. The purpose of the exception is to "prevent
> judicial 'second guessing' of legislative and administrative decisions grounded in
> social, economic and political policy through the medium of an action in tort."
> United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),
> 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). Thus, it "protects only
> governmental actions and decisions based on considerations of public policy."

Id. at 9.

Even if Eisenberg could show that the tort occurred in the United States (an issue the

court does not reach), under the two-part test, "[t]he exception to foreign sovereign immunity

for personal injury suits under 28 U.S.C. § 1605 does not apply here because [plaintiff's]

negligence claim is necessarily based on the Chinese government's 'exercise or performance or

the failure to exercise or perform a discretionary function[.]'" Stirling v. China, No. 3:20-CV-

00713-SB, 2020 WL 5638630, at *1 (D. Or. Aug. 14, 2020), report and recommendation

adopted, No. 3:20-CV-00713-SB, 2020 WL 5637399 (D. Or. Sept. 21, 2020) (dismissing action

for lack of subject matter jurisdiction).[1]

Eisenberg cites a number of cases in his attempt to re-cast China's alleged actions as

outside the discretionary function exception. See e.g., W.C. & A.N. Miller Companies v. United

States, 963 F. Supp. 1231, 1242 (D.D.C. 1997) (FTCA claim against the United States survived

because the complaint alleged that "the Army had already made a decision to warn. Its failure to

effectuate that decision properly was not itself the product of a policy decision."); Sutton v.

Earles, 26 F.3d 903, 909 (9th Cir. 1994) (failure to warn of maritime obstructions); Andrulonis

v. United States, 593 F. Supp. 1336, 1338 (N.D.N.Y. 1984) (FTCA claim survived motion to

dismiss and for summary judgment where "issues of negligence in the exercise of professional

and scientific judgment rather than policymaking and a concomitant balancing of competing

considerations in determining the public interest. . . . And, . . . the activities of the defendant

government employee, as the case currently stands, are not the kind of activities that involve

---

[1] Eisenberg ignores Stirling – a case filed by a prisoner which the court cited in the Order to Show Cause – and instead objects to what he perceives as "a categorical approach to the plaintiff's procedural standing," Response to Show Cause 3, based on the court's comment that similar cases brought by prisoners had been dismissed. Regardless of whether an action is brought by a prisoner or non-prisoner, the court has an obligation to ensure that it has subject matter jurisdiction before it may proceed. The court finds Stirling persuasive, regardless of a litigant's status.

weighing important policy choices."); Smith v. United States, 546 F.2d 872, 877 (10th Cir.

1976) (in case concerning failure to warn of dangerous spring in Yellowstone National Park,

"the Government's decision, as a landowner, not to warn of the known dangers or to provide

safeguards cannot rationally be deemed the exercise of a discretionary function"); Miller v.

United States, 163 F.3d 591, 597 (9th Cir. 1998) ("The discretionary function exception to the

[FTCA] bars the [plaintiffs'] suit against the Forest Service. Under the two-step approach, the

Forest Service's decision regarding how to allocate resources in a multiple fire situation

involved discretion and the consideration of competing economic and social policies. The

presence of discretion and policy considerations immunizes the government from suit.");

Rayonier Inc. v. United States, 352 U.S. 315, 319 (1957) (FTCA case holding Forestry Service

responsible for negligent firefighting). The court finds the cited cases inapposite to the

complaint here where Eisenberg alleges deliberate wrongdoing by the Chinese government to

allow the virus to spread around the world. This alleged conduct is simply outside the

jurisdiction of this court. While legislation has been presented to amend the Foreign Sovereign

Immunities Act to permit lawsuits against China for such actions -- see Holding the Chinese

Communist Party Accountable for Infecting Americans Act of 2021,  H.R. 3984, 117th Congress

(2021) – the proposed legislation has not been enacted.

Accordingly, after careful consideration of the complaint and Eisenberg's show cause

responses, the court concludes that it lacks subject matter jurisdiction under the FSIA and 28

U.S.C. § 1330 and dismisses the action.  Plaintiff's Motion to Waive (Pacer) Access Data Base

Fees/Costs [Doc. No. 26], Motion for Status Update [Doc. No. 27], and Motion for Status

8

Pleading and Request for Cause of Judicial Delay [Doc. No. 30] are denied as moot.

       **SO ORDERED.**

February 10, 2023                          /s/ Indira Talwani      
                                            Indira Talwani
                                            United States District Judge